## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD SMITH,<br><br>                    Plaintiff,<br><br>          v.<br><br>TIVITY HEALTH, INC., RICHARD M.<br>ASHWORTH, ANTHONY M. SANFILIPPO,<br>SARA J. FINLEY, ROBERT J. GRECZYN,<br>JR., BETH M. JACOB, BRADLEY S.<br>KARRO, STEPHANIE DAVIS<br>MICHELMAN, and ERIN L. RUSSELL,<br><br>                    Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE SECURITIES EXCHANGE<br>ACT OF 1934**<br><br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Edward Smith ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Tivity Health, Inc. ("Tivity" or the "Company") and Tivity's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Stone Point Capital LLC through its affiliate Titan-Atlas Parent, Inc. and its direct, wholly-owned subsidiary, Titan-Atlas Merger Sub, Inc. (collectively "Stone Point").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on May 24, 2022. The Proxy

recommends that Tivity stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Tivity is acquired by Stone Point. The Proposed Transaction was first disclosed on April 5, 2022, when Tivity and Stone Point announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Stone Point will acquire all of the outstanding shares of common stock of Tivity for $32.50 per share (the "Merger Consideration"). The deal is valued at approximately $2.0 billion and is expected to close in or prior to the third quarter of 2022.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Tivity management, as well as the financial analyses conducted by Lazard Frères & Co. LLC ("Lazard"), Tivity's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Tivity's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Tivity's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Tivity.

6.      Defendant Tivity is a corporation organized and existing under the laws of the State

of Delaware. The Company's principal executive offices are located at 701 Cool Springs Boulevard, Franklin, Tennessee, 37067. Tivity common stock trades on NASDAQ under the ticker symbol "TVTY."

7.     Defendant Richard M. Ashworth has been President, Chief Executive Officer and a director of the Company since June 2020.

8.     Defendant Anthony M. Sanfilippo has been Chairman of the Board and a director of the Company since February 2020.

9.     Defendant Sara J. Finley has been a director of the Company since 2018.

10.    Defendant Robert J. Greczyn, Jr. has been a director of the Company since 2015.

11.    Defendant Beth M. Jacob has been a director of the Company since 2018.

12.    Defendant Bradley S. Karro has been a director of the Company since 2014.

13.    Defendant Stephanie Davis Michelman has been a director of the Company since January 2022.

14.    Defendant Erin L. Russell has been a director of the Company since February 2020.

15.    Nonparty Stone Point is a limited liability company organized and existing under the laws of the State of Delaware. Stone Point's principal executive offices are located at 20 Horseneck Lane, Greenwich, CT 06830.

16.    Nonparty Titan-Atlas Parent, Inc. is a Delaware corporation and affiliate of Stone Point.

17.     Nonparty Titan-Atlas Merger Sub, Inc. is a Delaware corporation and direct, wholly owned Subsidiary of Titan-Atlas Parent, Inc.

**JURISDICTION AND VENUE**

18.    This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19.     Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District or is an individual who is either present

in this District for jurisdictional purposes or has sufficient minimum contacts with this District as

to render the exercise of jurisdiction over Defendant by this Court permissible under traditional

notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took

place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

**A.  Background of the Company and the Proposed Transaction**

21.     Tivity is a provider of solutions to help adults improve their health and provide

access to in-person and virtual physical activity, social, and mental enrichment programs, as well

as physical medicine and integrative health services.

22.     On April 5, 2022, the Company entered into the Merger Agreement with Stone

Point.

23.     According to the press release issued on April 5, 2022, announcing the Proposed

Transaction:

**Tivity Health Announces Definitive Agreement to Be Acquired by Stone
Point Capital for $32.50 Per Share in Cash**

***Total Transaction Value of $2.0 Billion***

NASHVILLE, Tenn., April 5, 2022 /PRNewswire/ -- Tivity Health® (Nasdaq:
TVTY), a leading provider of healthy life-changing solutions, including
SilverSneakers®, Prime® Fitness and WholeHealth Living®, today announced that
it has entered into a definitive agreement to be acquired by funds managed by Stone

4

Point Capital. Under the terms of the agreement, Tivity Health stockholders will receive $32.50 in cash per share, representing a total transaction value of $2.0 billion. Upon completion of the transaction, Tivity Health will become a privately held company, and its common stock will no longer be traded on Nasdaq.

Anthony Sanfilippo, Chairman of the Board of Directors of Tivity Health, said, "This agreement with Stone Point creates immediate and substantial value for shareholders while ensuring the company continues to help SilverSneakers members live healthier, happier and more connected lives as a leading senior fitness and health improvement platform. This transaction is the culmination of an extensive review of strategic alternatives that the Board initiated after receiving an unsolicited proposal from Stone Point. As part of that review, the Board engaged with numerous potential acquirers with the assistance of outside advisors. The Board unanimously agreed that the transaction with Stone Point is the best opportunity for maximizing the value of Tivity Health. I am proud of what this company has accomplished for all stakeholders, in navigating the pandemic, streamlining and focusing the business, and executing on its strategy. Because of our team's incredible work and dedication, over the past twelve months, Tivity Health stock has delivered a return of approximately 40%, and since February 28, 2020, has delivered a 155% return."

Richard Ashworth, President and Chief Executive Officer of Tivity Health commented, "Stone Point recognizes the value of our brands, our well-known senior fitness and health improvement platform, and our world-class team. In the past two years, we have strengthened the business and look forward to working with Stone Point as we continue to innovate and expand on the healthy, life-changing solutions we provide to members, clients and partners."

Chuck Davis, CEO of Stone Point, said, "We have followed Tivity Health's success for many years and have admired the positive impact it has had on the health and well-being of seniors who participate in its programs. We believe that the company is well positioned to leverage its market leading SilverSneakers® brand to capitalize on attractive secular tailwinds. We look forward to working with the company to broaden its service offerings to seniors to assist them in leading healthier lives. Stone Point is thrilled to partner with the Tivity Health management team to support the company in its next phase of growth."

**Transaction Details**

The $32.50 in cash per share to be received by Tivity Health stockholders represents a 20% premium to the 90-day volume-weighted average price (VWAP) ending April 4, 2022. Fully committed debt financing has been obtained and the transaction is not subject to a financing condition. The transaction is expected to close in or prior to the third quarter of 2022, subject to the receipt of shareholder approval, regulatory approval and other customary closing conditions. Following completion of the transaction, Tivity Health will become a privately held company.

**B. The Materially Incomplete and Misleading Proxy**

24.     On May 24, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

> ***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

25.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Lazard's fairness opinion, Lazard reviewed "various financial forecasts and other data provided to Lazard by Tivity Health relating to the business of Tivity Health and extrapolations thereto based on the guidance of management of Tivity Health and approved by the Board." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Tivity's management provided to the Board and Lazard.

26.     Notably, Defendants failed to disclose line-item entries forming the basis of the: (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

27.     This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

> ***Materially Incomplete and Misleading Disclosures Concerning Lazard's Financial Analyses***

28.     With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) Tivity's terminal year unlevered free cash flow applied by Lazard; (b) the Company's terminal

values; (c) the key data, inputs, and assumptions forming the basis of the applied discount rates of 10.00% to 11.00%; and (d) the Company's net debt.

29.     With respect to the *Selected Public Company Trading Analysis*, the Proxy fails to disclose the multiples for each company studies. Specifically, the Proxy also fails to disclose: (a) the specific financial multiples and metrics for each of the selected companies; (b) the Company's net debt; and (c) Tivity's estimated Adjusted EPS for the fiscal years of 2022 and 2023.

30.     With respect to the *Premiums Paid Analysis,* the Proxy fails to disclose the transactions studied in the analysis.  The Proxy also fails to disclose the specific premiums paid for each such transaction.

31.     With respect to the *Equity Research Analyst Price Targets Analysis*, the Proxy fails to disclose the specific price targets and sources in the analysis.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

32.     The Proxy also fails to disclose material information concerning the sales process.

33.     For example, the Proxy fails to disclose whether any of the non-disclosure agreements entered into by Tivity and potential bidders during the course of the sale process included "don't-ask, don't-waive" standstill provisions that are currently in effect which would preclude these bidders from submitting a topping bid for the Company.

34.     The disclosure of the terms of any standstill provisions is crucial to Plaintiff being fully informed of whether Company fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

35.     The Proxy also fails to disclose material information concerning potential conflicts of interest by Company insiders.

36.     Specifically, the Proxy fails to disclose whether any of Stone Point's proposals or indications of interest contained language concerning potential retention of Tivity's management in the surviving company following the closing of the Proposed Transaction or such management's purchase or ownership of, or participation in, the equity of the combined corporation.

37.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

38.     In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

39.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

40.     Further, the Proxy indicates that on April 5, 2022, Lazard reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to Tivity stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information

concerning Lazard's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

41.     Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     Defendants have filed the Proxy with the SEC with the intention of soliciting Tivity stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

44.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Tivity, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

45.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

46.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Tivity shares and the financial analyses performed by Lazard in support of its fairness opinion; and (iii) the sales process.

47.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Lazard reviewed and discussed its financial analyses with the Board during various meetings including on April 5, 2022, and further states that the Board considered Lazard's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

48.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50.     The Individual Defendants acted as controlling persons of Tivity within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Tivity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

53.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their

input on the content of those descriptions.

54.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Tivity stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 3, 2022                                    **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*